NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GREG ALLEN GARRISON, *Appellant.*

No. 1 CA-CR 16-0471
FILED 7-6-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-426565-001 DT
The Honorable John C. Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mays Law Office, PLLC, Phoenix
By Wendy L. Mays
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Greg Allen Garrison has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Garrison was convicted of five counts of sexual conduct with a minor, a Class 2 felony, and two counts of public sexual indecency to a minor, a Class 5 felony. Garrison was given an opportunity to file a supplemental brief *in propria persona* but he did not do so. After reviewing the record, we affirm Garrison's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2** We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Garrison. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).

**¶3** On June 7, 2013, after receiving information disclosed by a third party, Phoenix Police Department ("PPD") and Child Protective Services contacted minor Z.C. (formerly D.G.) and his then adoptive father, Garrison. Z.C. was then taken to the Childhelp Advocacy Center and was forensically interviewed. During the interview, Z.C. disclosed instances in which sexual conduct occurred between Garrison and Z.C.; Z.C. was five years old at the time. Garrison was then interviewed by PPD, and after being Mirandized,[1] admitted to several of the acts disclosed by Z.C.

**¶4** At trial, Z.C. testified that his then adoptive father, Garrison, would play a "pee pee game" with him. Z.C. testified that "the game" involved instances in which: Garrison put his mouth on Z.C.'s penis,

---

[1] Prior to police interrogation of a suspect, the suspect must be made aware of his rights; such as the right against self-incrimination, the right to remain silent, and the right have an attorney present. *See Miranda v. Arizona*, 384 U.S. 436, 460-61 (1966).

Garrison put his penis in Z.C.'s mouth on more than one occasion, Garrison performed anal intercourse by inserting his penis into Z.C.'s anus, Garrison inserted a purple sex toy into Z.C.'s anus, as well as masturbated on the bed while Z.C. was present, and on one occasion masturbated while on his computer, as Z.C. was present. The jury additionally heard evidence of Garrison's interview with PPD, testimony from witnesses who interviewed Garrison and Z.C., and of evidence that was recovered from the Garrison household that related to the sexual conduct, including the purple sex toy.

¶5        The jury convicted Garrison of five counts of sexual conduct with a minor under Arizona Revised Statutes ("A.R.S.") section 13-1405 (2013)[2], and two counts of public sexual indecency to a minor under A.R.S. § 13-1403. The superior court conducted the sentencing hearing in compliance with Garrison's constitutional rights and Arizona Rule of Criminal Procedure 26. Garrison was sentenced to five consecutive life sentences for the counts of sexual conduct with a minor, and two concurrent 1.5 year terms, running consecutively as to the fifth life sentence, for the counts of public sexual indecency to a minor.

¶6        Garrison timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033.

## DISCUSSION

¶7        We review Garrison's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12, 260 P.3d 309, 312 (App. 2011). Counsel for Garrison has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 299, 451 P.2d at 880. We find none.

¶8        The record reflects Garrison received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of twelve members. The court properly instructed the jury on the elements of the charged crimes, the State's burden of proof, and the necessity of a

---

[2]        We cite the current version of statutes unless revisions material to this decision have occurred since the events in question.

unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Garrison's convictions and sentences.

## CONCLUSION

¶9 We have reviewed the entire record for reversible error and find none, therefore we affirm the convictions and resulting sentences.

¶10 Upon the filing of this decision, defense counsel shall inform Garrison of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Garrison shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA